JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 24-08746-MWF (AGRx) | Date: December 12, 2024 |
| Title: Jason Dunlavey et al v. 3M Company et al | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING PLAINTIFFS' MOTION TO REMAND TO STATE COURT [49]

Before the Court is a Motion to Remand to State Court (the "Motion") filed by Plaintiffs Jason Dunlavey, Eric Dunlavey, and Todd Dunlavey on November 1, 2024. (Docket No. 49). Defendant National Steel and Shipbuilding Company ("NASSCO") filed an Opposition on November 15, 2024. (Docket No. 50). Plaintiffs filed a Reply November 20, 2024. (Docket No. 18).

The Court has read and considered the papers filed on the Motion and held a hearing on **December 2, 2024**.

The Motion is **GRANTED**. NASSCO fails to demonstrate that the Complaint concerns conduct it engaged in while "acting under" a federal officer or agency for purposes of the federal-officer removal statute, and therefore removal under 28 U.S.C. §§ 1442(a) or 1331 is improper. Accordingly, the Court lacks subject-matter jurisdiction and must **REMAND** this action to the Los Angeles County Superior Court.

I.  BACKGROUND

Plaintiffs commenced this action in the Los Angeles County Superior Court on August 2, 2024. (Complaint (Docket No. 1-1) at 1). Plaintiffs Jason Dunlavey, individually as the successor in interest of David L. Dunlavey ("Decedent") and as personal representative of Decedent's estate, and Eric Dunlavey and Todd Dunlavey,

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 24-08746-MWF (AGRx) | Date:  December 12, 2024 |
| Title:  Jason Dunlavey et al v. 3M Company et al | |

individually as heirs of Decedent, brought this wrongful death action after Decedent died of mesothelioma on June 26, 2024. (*Id.* at 2).

From 1967–2006, Decedent worked as a pipefitter and steamfitter for various employers at various worksites. (*Id.* at 5). In that capacity, Decedent used, handled, and was otherwise exposed to asbestos and asbestos containing products. (*Id.* at 1). Specifically, Decedent's work included the service, maintenance, repair, installation, removal, and disposal of various systems containing asbestos components of piping systems and boilers. (*Id.*). In and around 1970, Decedent worked as a pipefitter for University Mechanical and performed work for NASSCO. (*Id.* at 39–40). Decedent was subsequently diagnosed with mesothelioma. (*Id.* at 5).

Plaintiffs brought various state-law causes of action against NASSCO and many other defendants. The causes of action alleged against NASSCO are the following: (1) Negligence -Premises Owner/Contractor Liability; (2) General Negligence - Civil Code § 1714; and (3) Vicarious Liability of Defendants Based upon Respondeat Superior. (Complaint ¶¶ 44–79, 87–103).

On October 10, 2024, NASSCO removed this action pursuant to the federal-officer and federal question removal statutes. 28 U.S.C. § 1442(a); 28 U.S.C. § 1331. (Notice of Removal ("NOR") (Docket No. 1) at 2). NASSCO advances four grounds for removal: (1) Government Contractor Immunity under *Boyle*; (2) Derivative Sovereign Immunity under *Yearsley*; (3) the Federal Enclave Doctrine; and (4) the Combatant Activities exception to the Federal Torts Claims Act. *See generally id*.

Plaintiffs now move to remand this action to Los Angeles County Superior Court.

## II. LEGAL STANDARD

A removing defendant bears the burden of establishing that removal is proper. *See Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam)

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-08746-MWF (AGRx)          **Date:** December 12, 2024

**Title:** Jason Dunlavey et al v. 3M Company et al

(noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").

Under § 1442(a)(1), a civil action filed in state court may be removed to a federal district court if the action was filed against or directed to the "United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). To invoke the statute, [a defendant] must show the following three elements are met: (1) "it is a 'person' within the meaning of the statute, (2) a causal nexus exists between [the] plaintiff[']s[] claims and the actions [the defendant] took pursuant to a federal officer's direction, and (3) it has a 'colorable' federal defense to [the] plaintiff[']s[] claims. *Leite v. Crane Co.*, 749 F.3d 1117, 1120 (9th Cir. 2014) (citing *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006)).

Section 1442(a) is intended to protect federal officers from interference with their official duties through state-court litigation. *Quinto v. Regents of Univ. of California*, No. CV 22-04429-JD, 2023 WL 1448050, at *2 (N.D. Cal. Feb. 1, 2023) (citing *Arizona v. Manypenny*, 451 U.S. 232, 241-42 (1981)). The statute "responds to three general concerns: (1) 'State-court proceedings may reflect "local prejudice" against unpopular federal laws or federal officials'; (2) 'States hostile to the Federal Government may impede' federal law; and (3) 'States may deprive federal officials of a federal forum in which to assert federal immunity defenses.' " *Id.* (citing *Fidelitad, Inc. v. Insitu, Inc.*, 904 F.3d 1095, 1099 (9th Cir. 2018)). Section 1442 is liberally construed to address these issues but is not limitless in scope. *See id.* (indirectly citing *Watson v. Philip Morris Cos.*, 551 U.S. 142, 150 (2007)).

"Like plaintiffs pleading subject-matter jurisdiction under Rule 8(a)(1), a defendant seeking to remove an action may not offer mere legal conclusions; it must allege the underlying facts supporting each of the requirements for removal jurisdiction." *Leite*, 749 F.3d at 1122. A plaintiff's motion to remand for want of jurisdiction is "the functional equivalent of a defendant's motion to dismiss for lack of

| **CIVIL MINUTES—GENERAL** | 3 |
|---|---|

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-08746-MWF (AGRx)          Date:  December 12, 2024

Title:  Jason Dunlavey et al v. 3M Company et al

subject-matter jurisdiction under Rule 12(b)(1)." *Id.* "As under Rule 12(b)(1), a plaintiff's motion to remand may raise either a facial attack or a factual attack." *Id.*

A "facial" attack accepts the truth of the defendant's allegations in the notice of removal but "asserts that they are insufficient on their face to invoke federal jurisdiction." *Id.* at 1121 (internal citation omitted).  A "factual attack contests the truth of the [defendant's] factual allegations," requiring the defendant to come forward with "competent proof" to support its allegations, "under the same evidentiary standard that governs in the summary judgment context." *Id.*

Here, Plaintiffs bring both a facial and factual attack to NAASCO's jurisdictional allegations.

### III. DISCUSSION

The parties do not dispute that NAASCO qualifies as a "person" within the meaning of § 1442(a)(1).  Plaintiffs instead argue that NAASCO has neither established that a causal nexus exist between the claims and NAASCO's actions, nor that NAASCO has a colorable federal defense to the claims.

#### A. Facial Challenge

Plaintiffs first argue that the government contractor defense does not apply to this action because the defense, as set forth in *Boyle* and *Yearsley*, applies only to claims of product liability, not negligence.  (Motion at 11–12); *Boyle v. United Technologies Corp.*, 487 U.S. 500, 504 (1988); *Yearsley v. W.A. Ross Constr. Co.*, 309 U.S. 18 (1940).

However, as discussed at length in *Ollerton v. Nat'l Steel & Shipbuilding Co.*, this Court has previously interpreted Supreme Court and Ninth Circuit authority as allowing for the application of the defense to negligence claims.  CV 23-1267-MWF (RAOx), 2023 WL 2947544, at *3–7 (C.D. Cal. Apr. 14, 2023) (noting the focus of the analysis is the degree of control the government has over the relevant acts of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-08746-MWF (AGRx)                                Date:  December 12, 2024

Title:  Jason Dunlavey et al v. 3M Company et al

contractor, not the type of work delineated in the contract); *see also Leite*, at 1122 (9th Cir. 2014) (concluding federal contractor defense applies to failure-to-warn claims); *Getz v. Boeing Co.*, 654 F.3d 852, 866-867 (9th Cir. 2011) (finding the defense can apply to failure to warn claims against manufacturer of military helicopters).

Accordingly, Plaintiffs' facial challenge to jurisdiction fails.

### B. Factual Challenge

Plaintiffs next argue that NAASCO fails to demonstrate that Decedent "*actually worked* on a military vessel" or was otherwise exposed to asbestos on any United States Military vessel.  (Reply at 2) (emphasis in original).  Decedent was neither Navy personnel nor an employee with NASSCO at any time.  Instead, he was an employee of University Mechanical, and the Complaint does not indicate any work performed on any ship, let alone a Navy ship.  (*Id.*).  Without any such showing, "all other grounds and arguments are moot" because there is no basis of removal.  (*Id.*).

While the Complaint contains no specific allegations as to the type of work Decedent performed for NASSCO, NAASCO argues that Plaintiffs' counsel elaborated on its claims against NASSCO during a meet and confer discussion and identified, via email, five Naval ships on which Decedent was said to have worked on.  (Declaration of P.M. Bessette (Docket No. 50-1) at ¶ 5); (Opposition, Ex. D at 57).  NAASCO provides a copy of the relevant email and argues that removal is proper under the "other paper" doctrine, which allows a defendant to remove a case after receiving written information outside of the initial pleadings that brings to light new facts or claims that make a case removable.  *See* 28 U.S.C. § 1446(b)(3).

Plaintiffs dispute whether an email disclosing a confidential settlement discussion properly falls under the types of documents contemplated by the "other paper doctrine."  (Reply at 2–3).  The Ninth Circuit, however, has ruled that a mediation-related letter estimating damages could be considered "other paper" under § 1446.  *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).  And at least one district court in this Circuit has extended *Babasa* to apply to "a settlement-related

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-08746-MWF (AGRx)          **Date:** December 12, 2024

**Title:** Jason Dunlavey et al v. 3M Company et al

---

letter or email[.]" *Coury v. Air & Liquid Sys. Corp.*, No. 3:17-1240-SI, 2018 WL 702685, at *5 (D. Or. Feb. 2, 2018); *see also Murphy v. Republic Fire & Cas. Ins. Co.*, No. CV 2:07-1488, 2008 WL 11509219, at *5 (W.D. La. June 3, 2008) (finding plaintiff's counsel's email estimating damages "constitutes an 'other paper from which it may first be ascertained that the case is one which is or has become removable.'") (quoting 28 U.S.C. § 1446(b)(3)).

     However, the fact that a settlement-related email may fall under the type of documents contemplated by § 1446 does not mean that the email at issue here actually does. In fact, when determining the moment in which the 30-day period for removal starts, the Ninth Circuit has instructed that the basis for removal under section 1446(b)(3) must be "unequivocally clear and certain." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1094 (9th Cir. 2021). "[B]y guarding against premature and protective removals and minimizing the potential for a cottage industry of removal litigation, the unequivocally clear and certain standard will assure that removal occurs once the jurisdictional facts supporting removal are evident, and thus will ensure respect for the jurisdiction of state courts." (*Id.*) (internal brackets and quotation marks omitted).

     Here, Plaintiffs dispute NAASCO's interpretation and characterization of the email. Specially, Plaintiffs argue that the small portion of the back-and-forth discussion "does not indicate that [Decedent] was aboard any ship. It simply acknowledges that Plaintiff's firm found the type of ships Defense counsel . . . expected were at NASSCO during the time period." (Reply at 3). The email does not provide a basis for ascertaining that Decedent was "on those ships, doing any work on those ships subject to any specification, or being exposed to asbestos." (*Id.*).

     This Court agrees with Plaintiffs that NAASCO's Notice of Removal was premature. NAASCO relies on an ambiguous email sent by Plaintiff's counsel to support its contention that Decedent may have been exposed to asbestos while working on or doing repair work for a Navy vessel. But the email itself does not provide the Court with sufficient information to evaluate the conflicting characterizations of the discussions. And, most significantly, the Court cannot properly conclude, from the

---

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 24-08746-MWF (AGRx) | Date:  December 12, 2024 |
| Title:  Jason Dunlavey et al v. 3M Company et al | |

face of the email, that it provided NAASCO with sufficient information from which it could "ascertain[] that the case" was removable.  28 U.S.C. § 1446(b)(3).  By contrast, the emails at issue in *Coury*, for example, "identif[ed] in detail the U.S. Navy vessels on which [the decedent] is alleged to have worked, the equipment belonging to each Defendant found aboard those ships, and the work that [the decedent] did on those ships."  2018 WL 702685, at *6; *see also Dietrich*, 14 F.4th at 1093 (noting the interrogatory "responses *clearly* stated" the decedent was exposed to asbestos during decedent's time in the United States Marine Corps) (emphasis in original).  The *Coury* court thus held it "was not unreasonable for" the defendants to conclude that the case had become removable.  *Id.*  Although the specific details presented in *Coury* may not necessarily be required to ascertain removability, the Court concludes that the email at issue here did not provide sufficient information from which NAASCO could have reasonably "ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

At the hearing, NAASCO emphasized additional details supporting removability presented in the Supplemental Declaration of P.M. Bessette in Support of the Motion ("Bessette Suppl. Decl."), which was submitted in response to Plaintiffs' Reply.  (*See* Docket No. 68).  Many of the details outlined in the declaration, however, discuss oral communications between counsel or attempt to explain why NAASCO subjectively believed the case had become removable.  (Id. ¶¶ 5–8).  However, the "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings" or the other paper, "not through subjective knowledge or a duty to make further inquiry."  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (noting the "other paper" must be one from "which it can be ascertained from the face of the document that removal is proper").  "Thus, the key is whether the e-mail *itself* clearly and unequivocally provides the requisite notice of removability. The context surrounding the e-mail, that is, [Defendant's] subjective knowledge . . . is irrelevant to this determination."  *State Farm Fire & Cas. Co. v. Valspar Corp.*, 824 F. Supp. 2d 923, 931 (D.S.D. 2010) (emphasizing that the other paper "should not be an ambiguous statement that requires an extensive investigation to determine the truth" and concluding the email was simply "too vague to have

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 24-08746-MWF (AGRx) | Date: December 12, 2024 |
| Title: Jason Dunlavey et al v. 3M Company et al | |

provided clear notice that the action had become removable."). Because NAASCO has not sufficiently shown that the Complaint concerns conduct it engaged in while "acting under" a federal officer or agency for purposes of the federal-officer removal statute, NAASCO cannot assert the federal contractor defense.

At the hearing, NAASCO requested the Court allow it to file a renewed notice of removal once it receives additional information from which it can ascertain removability. Nothing in this Order prevents NAASCO from doing so, and § 1446 plainly allows it.

### C. Sovereign Immunity under *Yearsley*

The Supreme Court ruled in *Yearsley* that, if the "authority to carry out [a] project was validly conferred, that is, if what was done was within the constitutional power of Congress, there is no liability on the part of the contractor for executing its will." 309 U.S. at 20–21. Because NAASCO has not established that Plaintiffs are bringing claims arising from "a validly-conferred government contract", NAASCO has not alleged a colorable defense under federal officer removal for derivative sovereign immunity under the *Yearsley* line of cases.

### D. Federal Enclave and Combatant Activities Defenses

NAASCO "concedes that there is a lack of admissible evidence supporting [the Federal Enclave and Combatant Activities] defenses and withdraws them without prejudice to assert them at a later time." (Opposition at 5–6 fn. 4).

## IV. CONCLUSION

The Motion to Remand is **GRANTED**, and the Court directs the Clerk to **REMAND** this action to the Superior Court of the State of California for the County of Los Angeles.

IT IS SO ORDERED.